IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN STANCU, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-864-E-BN |
| § | |
| HYATT CORPORATION/HYATT § | |
| REGENCY DALLAS, ET AL. § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff John Stancu, returning to a familiar litigation tactic, has moved to recuse the undersigned United States district judge and United States Magistrate Judge David L. Horan, to whom this case has been referred for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 45. The Court **DENIES** the motion to the extent and for the reasons set out below.

### **Applicable Background**

Until March 6, 2020, Stancu worked "as a shift engineer at the Hyatt Regency Dallas…. Having filed about twenty lawsuits in the past thirty years, he is also a prolific *pro se* litigant. Hyatt is his latest target." *Stancu v. Hyatt Corporation/Hyatt Regency Dallas*, 791 F. App'x 446, 447 (5th Cir. 2019) (per curiam); Dkt. No. 3 at 13.

As Stancu acknowledges, this lawsuit is his sixth against Hyatt. *See* Dkt. No. 3 at 3. The first two were consolidated and dismissed, after the court granted Hyatt summary judgment on Stancu's claims. *See Stancu v. Hyatt Corporation/Hyatt Regency Dallas*, No. 3:17-cv-675-S-BN (consol. with 3:17-cv-2918-L), 2018 WL

4471786 (N.D. Tex. Aug. 28, 2019), *rec. accepted*, 2018 WL 4471692 (N.D. Tex. Sept. 18, 2019), *aff'd*, 791 F. App'x 446 (5th Cir. 2019) (*Stancu I*). And the third, fourth, and fifth lawsuits are pending, all consolidated before the undersigned and referred to Judge Horan for pretrial management. *See Stancu v. Hyatt Corporation/Hyatt Regency Dallas*, No. 3:18-cv-1737-E-BN (consol. with Nos. 3:18-cv-3383-E-BN & 3:19-cv-1971-E) (N.D. Tex.) (*Stancu II*).

Stancu's motion to recuse United States District Judge Karen Gren Scholer and Judge Horan in *Stancu I* was denied as untimely and not legally sufficient. And this Court denied Stancu's motion to recuse Judge Scholer (as moot) and Judge Horan (as not legally sufficient) in *Stancu II*.

Fast forward to this case: The Court granted the motions to dismiss filed by Defendant Ray Hunt [Dkt. No. 12] and Defendants Brett Killingsworth, Mark Spinelli, Samuel Molina, and Micha Bell [Dkt. No. 18] on February 10, 2021 insofar as all claims against these individual defendants were dismissed because none were Plaintiff John Stancu's employers under the applicable statutes; granted Defendant Hyatt Corporation/Hyatt Regency's motion to dismiss [Dkt. No. 17] in part by dismissing Stancu's Title VII claims, his ADEA claims, and his ADA claims based on failure to promote and refusal to pay workers' compensation benefits for failure to exhaust administrative remedies; and granted Stancu leave to file an amended complaint solely against Hyatt. *See* Dkt. No. 33.

But, as to Stancu's claims that the Court has dismissed, the Court did not enter a judgment under Federal Rule of Civil Procedure 54(b). Nevertheless, Stancu has

noticed an appeal of the February 10 interlocutory order. *See* Dkt. Nos. 36 & 42. The Court denied his requests for leave to pursue the unauthorized interlocutory appeal *in forma pauperis* and for related transcripts (because there are none). *See* Dkt. Nos. 38 & 40. Stancu then moved to recuse the judicial officers overseeing this case, alleging that neither can "be an impartial arbiter in this case." Dkt. No. 45 at 1.

## Legal Standards and Analysis

Stancu moves solely under 28 U.S.C. § 455. *See id.* at 1, 2. This statute provides in relevant part (based on Stancu's allegations) that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," *id.* § 455(a), and that "[h]e shall also disqualify himself in the following circumstances: Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1).

While Section 455 does not require an affidavit, Stancu has included one with his motion to recuse. *See* Dkt. No. 45 at 12-14. So the Court will also consider his motion as made under 28 U.S.C. § 144, under which

> a judge is to recuse himself if a party to the proceeding "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party...." A party may only file one such affidavit for that case. *Id.* In addition, the affidavit must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard" unless good cause is shown, and the affidavit must state the facts and reasons for the party's belief that bias or prejudice exists. *Id.*

*Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

"Motions brought under § 144 and ... § 455 are substantively similar and both

require recusal only for 'personal, extrajudicial bias.'" *United States v. Gonzalez*, 348 F. App'x 4, 6 (5th Cir. 2009) (per curiam) (quoting *United States v. MMR Corp.*, 954 F.2d 1040, 1045-46 (5th Cir. 1992)); *see also United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) ("Under either statute, the alleged bias must be personal, as distinguished from judicial, in nature." (citation omitted)).

That said, Section 144 "relates only to charges of actual bias." *Henderson v. Dep't of Pub. Safety & Corrs.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *In re Faulkner*, 856 F.2d 716, 720 n.6 (5th Cir. 1988)). While, "[w]hen considering a claim under § 455(a), [a court] must consider 'whether a reasonable and objective person, knowing all of the facts, would *harbor doubts* concerning the judge's impartiality.' This is because the goal of this provision is to 'avoid even the appearance of partiality.' Thus, recusal may be required even though the judge is not actually partial." *Patterson*, 335 F.3d at 484 (quoting *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997), then *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

So, under Section 144, "a judge must only reassign a cause to another judge 'when a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him on in favor of any adverse party.'" *United States v. Saleh*, No. 3:10-cr-83-L, 2010 WL 4274757, at *3 (N.D. Tex. Oct. 22, 2010) (quoting *Scroggins*, 485 F.3d at 829 n.19).

Therefore, although the Court will not address the substance of Stancu's allegations under Section 144, "it is the presiding judge's responsibility to assess the

timeliness and legal sufficiency of [his] affidavit." *Id.*; *see also Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975) ("Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged.").

And, if a Section 144 motion may now be considered timely, *see Patterson*, 335 F.3d at 483, the Court, having examined Stancu's affidavit, finds that the facts alleged are not legally sufficient.

"A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Henderson*, 901 F.2d at 1296 (citing *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975)).

But the facts alleged here are—at a minimum—not extrajudicial. That is, the alleged bias is judicial in nature and based on how this Court has managed this case and how the district court has managed other cases filed by Stancu. *See, e.g.*, Dkt. No. 45 at 12-13 ("During the course of this litigation these judges abused their power and knowingly issued biased rulings against me…. [The Court] ruled against every single motion that I filed…. [Judge] Horan[, in *Stancu I*,] imposed monetary sanctions on me, a blue collar worker, while I was in bankruptcy proceedings… [The Court] denied my motion to appeal her dismissal in forma pauperis. The denial was under the 'legal' B.S. that my '…appeal is not taken in good faith.' This blatant abuse of

power forced me to pay the filing fee ($500) for the appeal with my rent money."); *cf. United States v. Merkt*, 794 F.2 950, 960-61 (5th Cir. 1986) ("Merkt, in her affidavit, refers primarily to statements and rulings made by Judge Vela during her trial and sentencing in a previous case. These prior judicial rulings, however, offer no basis for recusal; they do not show any personal bias against Merkt.").

Similarly, under the applicable provisions of Section 455, Stancu has alleged no extrajudicial facts that would cause a reasonable and objective person to harbor doubts concerning the impartiality of the Court. *Cf. United States v. Reagan*, 725 F.3d 471, 491 (5th Cir. 2013) (observing that, "'[a]s a general rule, for purposes of recusal, a judge's "[p]ersonal knowledge of evidentiary facts means extrajudicial," so "[f]acts learned by a judge in his or her judicial capacity regarding the parties before the court … cannot be the basis for disqualification"'" (quoting *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998) (quoting, in turn, *Lac Du Flambeau Indians v. Stop Treaty Abuse-Wis.*, 991 F.2d 1249, 1255-56 (7th Cir. 1993)))).

## Conclusion

The Court **DENIES** the motion seeking recusal of the presiding United States district judge and assigned United States magistrate judge [Dkt. No. 45].

**SO ORDERED** this 9th day of April, 2021.

ADA BROWN
UNITED STATES DISTRICT JUDGE