IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-864-E-BN |
| | § | |
| HYATT CORPORATION/HYATT | § | |
| REGENCY DALLAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Stancu has filed multiple *pro se* lawsuits in this district against
his former employer Defendant Hyatt Corporation. United States District Judge Ada
Brown referred this lawsuit (Stancu's most recent against Hyatt) to the undersigned
United States magistrate judge for pretrial management under 28 U.S.C. § 636(b)
and a standing order of reference. Prior to this one, the three most recent lawsuits
filed by Stancu against Hyatt were also assigned to Judge Brown and referred to the
undersigned. This Court is therefore familiar with Stancu's claims.

As further explained below, in 2021, Judge Brown administratively closed an
action that Stancu filed against Hyatt in 2018, an action that was consolidated with
two other cases that Stancu filed against Hyatt (later in 2018 and in 2019), to allow
Stancu an opportunity to file an amended complaint in this case encompassing all the
claims that he has made against Hyatt across the four cases. *See Stancu v. Hyatt*

*Corp./Hyatt Regency Dall.*, No. 3:18-cv-1737-E-BN (consol. with Nos. 3:18-cv-3383-E-BN & 3:19-cv-1971-E) (N.D. Tex.), Dkt. Nos. 45, 47-49.

Stancu filed his final amended complaint pursuant to the Court's orders. *See id.*; Dkt. Nos. 57, 59. Hyatt answered. *See* Dkt. No. 62. On September 17, 2021, after considering the parties' joint status report under Federal Rule of Civil Procedure 26(f), *see* Dkt. Nos. 64, 65, the Court entered a scheduling order under Federal Rule of Civil Procedure 16(b), providing for deadlines to complete discovery and to file dispositive motions, *see* Dkt. No. 66.

Hyatt then moved for summary judgment on Stancu's claims against it. *See* Dkt. Nos. 68-70. Stancu responded. *See* Dkt. Nos. 75-77. Hyatt replied, *see* Dkt. No. 78, and objected to (and moved to strike) certain evidence that Stancu filed in opposition to summary judgment, *see* Dkt. No. 79.

Terminating the motion to strike, the undersigned observed that, in preparing the findings of fact, conclusions of law, and recommendation on the summary judgment motion, he will address what consideration (if any) and what weight (if any) the Court should afford the challenged evidence – as well as all evidence submitted by the parties, *see, e.g.*, *Lewis v. LSG Sky Chefs*, No. 3:14-cv-3107-M-BN, 2016 WL 6902546, at *5 (N.D. Tex. Oct. 26, 2016), *rec. accepted*, 2016 WL 6905960 (N.D. Tex. Nov. 22, 2016), and therefore allowed Stancu an opportunity to respond to Hyatt's evidentiary objections, *see* Dkt. No. 80. Stancu responded. *See* Dkt. No. 81. And Hyatt replied. *See* Dkt. No. 82.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion for summary judgment and dismiss this lawsuit with prejudice.

## Applicable Background

"Stancu accepted an entry-level, shift engineer position at Hyatt in October 2015." *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 448 (5th Cir. 2019) (per curiam). And, "[u]ntil March 6, 2020, [he] worked 'as a shift engineer at the Hyatt Regency Dallas…. Having filed about twenty lawsuits in the past thirty years, he is also a prolific *pro se* litigant. Hyatt is his latest target.'" *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, No. 3:20-cv-864-E-BN, 2021 WL 495883, at *1 (N.D. Tex. Jan. 26, 2021) (quoting *Stancu*, 791 F. App'x at 447; citation omitted), *rec. accepted*, 2021 WL 487756 (N.D. Tex. Feb. 10, 2021).

In recent years, Stancu has filed six cases against Hyatt in this district: "The first two were consolidated and dismissed, after the court granted Hyatt summary judgment on Stancu's claims. *See Stancu v. Hyatt Corp./Hyatt Regency Dall.*, No. 3:17-cv-675-S-BN (consol. with 3:17-cv-2918-L), 2018 WL 4471786 (N.D. Tex. Aug. 28, 2019), *rec. accepted*, 2018 WL 4471692 (N.D. Tex. Sept. 18, 2019), *aff'd*, 791 F. App'x 446 (5th Cir. 2019)." *Id.* The second consolidated case, now administratively closed, comprised his third, fourth, and fifth lawsuits. And Stancu filed this case (number six) on April 14, 2020.

Prior to administratively closing the second consolidated case, the Court

denied Hyatt's motion to dismiss that case under 28 U.S.C. § 1915(e)(2) (but granted its alternative request for consolidation). *See Stancu v. Hyatt Corp./Hyatt Regency Dall.*, No. 3:18-cv-1737-E-BN (consol. with Nos. 3:18-cv-3383-E-BN & 3:19-cv-1971-E), 2021 WL 2003992 (N.D. Tex. Apr. 30, 2021) (further setting out background details of which the parties are familiar and need not be repeated now), *rec. accepted*, 2021 WL 1966877 (N.D. Tex. May 17, 2021).

And, in managing Stancu's litigation against Hyatt in this district, in particular the claims made through the third, fourth, fifth, and sixth actions – all of which were to have been plausibly pled in the final amended complaint [Dkt. No. 59] – the Court has afforded Stancu considerable deference as a *pro se* litigant. Stancu has had ample opportunities to plead his best case, and the Rule 16(b) schedule in this proceeding afforded him the opportunity to obtain discovery to support his claims, to show that they should survive summary judgment. *Cf. Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention.").

## Legal Standards and Analysis

Liberally construed, Stancu brings claims of discrimination and harassment based on age (under the Age Discrimination in Employment Act (the ADEA)) and based on disability (under the Americans with Disabilities Act (the ADA)), interference and retaliation under the Family and Medical Leave Act (the FMLA),

and workers' compensation retaliation under Texas Labor Code § 451.001.

Hyatt moves for summary judgment as to each claim. So Hyatt must first "identify[] those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of [Stancu's] case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); *see* FED. R. CIV. P. 56(c)(1); *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017) ("Summary judgment is proper where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting FED. R. CIV. P. 56(a)).

The Court must "view the evidence and draw all justifiable inferences in favor of [Stancu]." *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (footnote omitted). "Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; [Stancu] 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" *Id.* at 355-56 (footnotes omitted); *see also Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." (citations omitted)); *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)).

Specific to the context of this case, a plaintiff may rely on direct evidence to establish employment discrimination or retaliation. But "direct evidence is rare" and has been defined by the United States Court of Appeals for the Fifth Circuit "as evidence which, if believed, proves the fact without inference or presumption." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (cleaned up). For example, "a statement or document which shows on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action is direct evidence of discrimination." *Id.* (cleaned up).

"[I]n the absence of direct evidence, claims of employment discrimination and retaliation are analyzed under the framework set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)." *Stancu*, 2018 WL 4471786, at *3; *see also Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709, 713 (5th Cir. 2019) ("In the absence of direct evidence of discriminatory intent, we apply the *McDonnell Douglas* framework to determine the reason for an employee's discharge." (citations omitted)).

"It's a three-part burden-shifting scheme," *Hassen*, 932 F.3d at 356, under which plaintiffs "must first establish a prima facie case … before [they] may proceed," *Stancu*, 2018 WL 4471786, at *3 (citations omitted).

> If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff

then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.

*Id.* (citation omitted).

At each step of this analysis, the applicable party must rely on admissible evidence (or evidence that may be reduced to an admissible form for trial) to carry the burden of production.

That is, it is "'settled law that "Rule 56(e) requires the adversary to set forth facts that would be admissible in evidence at trial. Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial."'" *Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 373 (5th Cir. 2007) (per curiam) (quoting *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) (quoting, in turn, *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990))).

While evidence may "be submitted in a form, such as an affidavit, that would ordinarily not be admitted at trial, so long as the form is one permitted by Rule 56(c)," *id.* at 374 (citing *Duplantis*, 948 F.2d at 192), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein," *id.* (quoting FED. R. CIV. P. 56(e)); *see, e.g., Turner v. Ks. City S. Ry. Co.*, 675 F.3d 887, 900 (5th Cir. 2012) (The employer's

- 7 -

"burden at the second step of the *McDonnell Douglas* analysis" is "to produce admissible evidence that [the challenged employment] decisions were based on legitimate, nondiscriminatory reasons."); *Hassen*, 932 F.3d at 357-58 ("[I]n her briefs, [the plaintiff] merely recites her burden under the *McDonnell Douglas* framework. She doesn't present any new evidence or point to any overlooked evidence that, if true, would prove that the [employer's] stated reasons are mere pretext. She never shows that the [employer] intended to, or did, discriminate based on race. Thus, [the plaintiff] hasn't carried her burden.").

And "the traditional leniency afforded to a *pro se* plaintiff does not excuse [Stancu] from [this] burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")); *see also Stancu*, 2018 WL 4471786, at *4 (The "Fifth Circuit has never allowed *pro se* litigants, or any other type of litigants, to oppose summary judgment by the use of unsworn materials." (cleaned up)).

Under this framework, the undersigned will address each of Stancu's claims in turn. Before doing so, however, Hyatt argues in its reply that Stancu waived multiple claims – specifically, his claims of discriminatory discharge or failure to promote under the ADEA; his claim of a hostile work environment, in violation of the ADA;

and any claims of workers' compensation retaliation – by failing to address them in response to the motion for summary judgment. *See* Dkt. No. 78 at 8, 18, 20. The failure to defend a claim in response to a defendant's motion does indeed constitute abandonment of that claim. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that plaintiff's "failure to pursue [the] claim beyond her complaint constituted abandonment" (citing *Vela v. City of Hous.*, 276 F.3d 659, 679 (5th Cir. 2001))); *see also JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court." (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003); citations omitted)). But all abandoned claims should also be dismissed for the reasons set out below.

## I.    The ADEA claims should be dismissed with prejudice.

Liberally construed, Stancu contends that Hyatt discriminated against him based on age because of his receiving harassing and derogatory notes; because he was not provided the equipment necessary to perform his job; through a hostile work environment based on daily threats or warnings based on lies; and because he was denied an opportunity for promotion and was wrongfully terminated.

As to his claims of age discrimination, Stancu must first "show he (1) was a member of a protected group, (2) was qualified for the relevant position, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated individuals outside the group." *Ogden v. Brennan*, 657 F. App'x 232, 235 (5th

Cir. 2016) (per curiam) (citation omitted). "Adverse employment actions 'include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'" *Id.* (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007)). So Stancu has not shown that many of the actions that he claims happened based on his age qualify as prima facie age discrimination.

But, insofar as Stancu does offer evidence of an ultimate employment action, he has not established a prima facie claim of failure to promote in violation of the ADEA, which requires that "a plaintiff must show: (1) he was over forty, (2) was qualified for the position sought, (3) was not promoted, and (4) the position was filled by someone younger or the failure to promote was due to his age." *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) (per curiam) (citing *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998)).

Nor has Stancu established a prima facie case of wrongful termination in violation of the ADEA by showing "that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)).

First, the ADEA failure-to-promote claim is based on Stancu's allegation that Hyatt denied him the opportunity to apply to be assistant director of engineering. *See*

- 10 -

Dkt. No. 70 at 59-61. But, insofar as Stancu did apply for this position, *see id.*, the only evidence in the record reflects that he was not qualified for the position, *see id.* at 6 (¶ 10). Thus, Hyatt has also produced evidence reflecting that, assuming he did apply, Stancu was not promoted because he was not qualified, and Stancu fails to show that this legitimate, nondiscriminatory reason for this employment action is a pretext.

The ADEA-based wrongful termination claim should be similarly dismissed. Stancu fails to provide evidence that he was replaced by someone younger or otherwise terminated because of his age. *See* Dkt. No. 70 at 63-64. And Hyatt provides evidence that Stancu was terminated due to insubordination, *see id.* at 8, 41-44, an established legitimate, nondiscriminatory reason to terminate an employee, *see Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001) ("The failure of a subordinate to follow a direct order of a supervisor is a legitimate nondiscriminatory reason for taking adverse employment action." (citing *Chaney v. New Orleans Pub. Facility Mgmt.*, 179 F.3d 164, 167 (5th Cir. 1999))); *see also Garcia v. City of Amarillo, Tex.*, No. 2:18-cv-95-Z-BR, 2020 WL 4208060, at *15 (N.D. Tex. July 22, 2020) ("[T]he reasoning in *Aldrup* implies that even one act of insubordination is sufficient for termination. This is because insubordination is a sufficient reason for taking an adverse employment action, and termination is an adverse employment action." (citing *Sosa v. Coastal Corp.*, 55 F. App'x 716, 2002 WL 31933068, at *3 (5th Cir. 2002) (per curiam))).

So, again, Stancu has not established a prima facie case, and, if he had, Hyatt has provided evidence of a legitimate, nondiscriminatory reason for this employment action, which Stancu fails to show is a pretext.

That is, it does not matter that Stancu may disagree that his insubordination was the real reason for his termination, since "[s]imply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." *LaMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) (citation omitted). To create a fact issue, Stancu must instead "adduce evidence supporting an inference that [Hyatt's] motive was age-based animus, or at the least, that [Hyatt's] explanation of its motive is false." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) (citing *Evans v. City of Hous.*, 246 F.3d 344, 355 (5th Cir. 2001)); *see also Garcia*, 2020 WL 4208060, at *15 ("[A]lthough Plaintiff argues that he was not being insubordinate, the relevant question is whether Defendant *honestly believed he was*. Plaintiff has shown no evidence that that was not the case.... Thus, it appears that there is no genuine issue of material fact regarding these instances of Plaintiff's conduct.").

## II.    The ADA claims should be dismissed with prejudice.

As with the ADEA, to establish a prima facie case of discrimination under the ADA requires an ultimate employment decision, "such as hiring, granting leave, discharging, promoting, compensating, or demoting." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (cleaned up); *see id.* ("'To establish a prima facie

discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability.' Adverse employment decisions are 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, ... compensating,' or demoting." (footnotes omitted)).

So, insofar as Stancu asserts that an ultimate employment decision – for example, his termination – supports his disability discrimination claim, he still has not shown a prima facie case by providing evidence linking his discharge to a disability. That is, to the extent that Stancu relies on his requesting FMLA leave in June 2017, *see* Dkt. No. 59, ¶ 106; Dkt. No. 70 at 11-15, as evidence to show discrimination "on account of his disability," that event is too far removed from his termination on March 6, 2020 to establish causation, *see, e.g.*, *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 527 (5th Cir. 2022) ("The burden of establishing a prima facie case of disparate treatment is not onerous. In retaliation cases, temporal proximity between protected activity and adverse employment action is sometimes enough to establish causation at the prima facie stage. This guidance is qualified, though: The protected act and the adverse employment action must be very close in time. The principle holds for discrimination cases as well." (cleaned up)).

And, for the reasons set out above, even if Stancu has established a prima facie case of ADA discrimination, he has failed to show, through evidence, that Hyatt's legitimate, nondiscriminatory reason for his termination – his insubordination – is a

pretext.

Stancu may also make a claim of retaliation under the ADA. Hyatt argues that this claim was not pled and is based on discovery abuse – a document purported to be an accommodation request by Stancu made two days prior to his termination, which Hyatt states is responsive to its discovery requests, but which Stancu failed to produce (and which Hyatt believes may be fabricated). *See* Dkt. No. 78 at 16-17.

Regardless, even if such evidence could support a prima facie case of retaliation under the ADA, Stancu again fails to show – even accepting this asserted temporal proximity – that Hyatt's legitimate, nondiscriminatory reason for his termination (his insubordination) is a pretext. *See, e.g.*, *Roberts v. Lubrizol Corp.*, 582 F. App'x 455, 461 (5th Cir. 2014) (per curiam) ("While temporal proximity may be sufficient to establish the causation element of a plaintiff's prima facie case for retaliation, *Feist v. La. Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013), temporal proximity is insufficient to establish pretext standing alone. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir.2007) ('[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation.')."). *Accord Musser v. Paul Quinn Coll.*, 944 F.3d 557, 564 (5th Cir. 2019).

### III. The hostile work environment claims should be dismissed with prejudice.

"Hostile work environment is a specific discrimination claim under Title VII," *Hudson v. Lincare, Inc.*, ___ F.4th ____, No. 22-50149, 2023 WL 240929, at *3 (5th

Cir. Jan. 18, 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 18-19 (1993)), as well as under the ADA and the ADEA, *see, e.g.*, *Boyd v. Monroe City Hall*, No. 3:20-CV-01473, 2021 WL 1305385, at *7 (W.D. La. Mar. 8, 2021) ("Title VII, the ADA, and the ADEA all encompass claims for a hostile work environment." (citing *Rogers v. E.E.O.C.*, 454 F.2d 234, 238-39 (5th Cir. 1971) (Title VII); *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001) (ADA); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (ADEA))), *rec. accepted*, 2021 WL 1299204 (W.D. La. Apr. 7, 2021).

> Actions under all three statutes have similar elements, and to prevail under any one a plaintiff-employee must show: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment based on the protected characteristic; (3) that the alleged harassment affected a term, condition, or privilege of employment by creating an objectively intimidating, hostile, or offensive work environment; and (4) there is some basis of liability for the employer.

*Id.* (citing *Rogers*, 454 F.2d at 238-39; *Flowers*, 247 F.3d at 235-36; *Dediol*, 655 F.3d at 441). So, "[w]hen a 'workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," [each statute] is violated.'" *Hudson*, 2023 WL 240929, at *3 (quoting *Harris*, 510 U.S. at 21 (quoting, in turn, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986))).

"To affect a term, condition, or privilege of employment, the harassing conduct 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *E.E.O.C. v. Boh Bros.*

*Constr. Co.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc) *(*cleaned up; quoting *Aryain v. Wal-Mart Stores of Tex., L.P.*, 534 F.3d 473, 479 (5th Cir. 2008)). Courts in this circuit apply "an objective 'reasonable person' standard to evaluate severity and pervasiveness." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)). This inquiry "requires that the court consider 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 400 (5th Cir. 2021) (quoting *Harris*, 510 U.S. at 23). But "no single factor is required." *Harris*, 510 U.S. at 23.

The five notes attached to the operative complaint that Stancu received between 2016 and his March 2020 termination, which Stancu confirmed are all the notes that he received, appear to be the basis for his hostile work environment claims. *See* Dkt. No. 59, ¶¶ 41, 100; Dkt. No. 70 at 51, 59. But these few notes over this extended period are not, as a matter of law, objectively offensive such that they "create a genuine issue of material fact as to whether his work environment was hostile." *Ogden*, 657 F. App'x at 236-37 (holding that "derogatory statements" by "supervisors and fellow employees," who "called [the plaintiff] a 'precious possession,' 'old fart,' 'cry baby,' 'little brat,' and 'crazy old man,'" "are 'insufficient to create a genuine issue of material fact' as to whether [the plaintiff's] work environment was hostile," in violation of the ADEA (citation omitted)); *see also Thompson*, 2 F.4th at

471 ("[I]nsensitive statements" that are "no more than 'a few harsh words'" "do not give rise to a hostile-work-environment complaint" under the ADA.).

### IV.    The FMLA claims should be dismissed with prejudice.

"The FMLA requires a covered employer to allow an eligible employee up to twelve weeks of unpaid leave if the employee suffers from 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001) (quoting 29 U.S.C. § 2612(a)(1)(D)), *abrogated on other grounds by Wheat v. Fla. Parish Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016).

"To ensure employees the right to take leave, the FMLA prohibits an employer from 'interfere[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right' provided by the Act." *Caldwell*, 850 F.3d at 245 (quoting 29 U.S.C. § 2615(a)(1)).

Stancu's FMLA interference claim is not that Hyatt failed to grant him benefits under the statute but that Hyatt assigned him duties not consistent with medical restrictions prescribed by his doctor. *See* Dkt. No. 59, ¶ 120. But this theory is not consistent with the elements of – and Stancu has therefore not established – a prime facie case of FMLA interference. *See Caldwell*, 850 F.3d at 245 ("To establish a prima facie case of interference under the FMLA, [Stancu] must show: (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his

employer denied him the benefits to which he was entitled under the FMLA." (citation omitted)).

Stancu also brings a claim of retaliation under the FMLA. "The difference between an interference and retaliation claim 'is that the interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while the retaliation claim requires proof of retaliatory intent.'" *Jiles v. Wright Med. Tech., Inc.*, 313 F. Supp. 3d 822, 844 (S.D. Tex. 2018) (quoting *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006)). As such, an element of a prima facie case of FMLA retaliation is that "there is a causal link between the protected activity and the discharge." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

Similar to his purported ADA retaliation claim, Stancu believes that his making his fourth and final request for FMLA leave on March 4, 2020 and his termination two days later provides a causal link to establish a prima facie case. But, again, even if it does, such temporal proximity does not show that Hyatt's legitimate, nondiscriminatory reason for his termination (his insubordination) is a pretext. *See Roberts*, 582 F. App'x at 461.

## V. The claims based on workers' compensation retaliation should be dismissed with prejudice.

Stancu finally appears to bring a claim for workers' compensation retaliation under Texas Labor Code § 451.001 based on his assertion that, after he made a claim

and initiated a workers' compensation proceeding, Hyatt retaliated against him by creating a hostile work environment. *See* Dkt. No. 59, ¶¶ 172-232.

As Hyatt points out in its response, neither the Texas Supreme Court nor the Fifth Circuit has addressed whether Section 451.001 authorizes a hostile-work-environment claim based on a workers' compensation claim. *See* Dkt. No. 69 at 35-36.

But, even if such a claim does exist, Stancu must show, among other elements, that the harassment he alleges was based on him having filed a workers' compensation claim; that this harassment affected a term, condition, or privilege of his employment; and that Hyatt knew, or should have known, of the harassment and failed to promptly remediate. *See, e.g.*, *Garcia v. Levi Strauss & Co.*, 85 S.W.3d 362, 369-70 (Tex. App. – El Paso 2002, no pet.) (holding "that a hostile work environment can, under the right set of circumstances, constitute 'other discrimination' within the meaning of section 451" and "[e]xtrapolating from other discrimination law" the elements of such a claim).

Stancu has not established a prima facie case because, among other things, he has failed to provide evidence to connect any of the harassment that he allegedly suffered to his filing a workers' compensation claim.

## Recommendation

The Court should grant Defendant Hyatt Corporation's motion for summary judgment [Dkt. No. 68] and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 20 -